NOT DESIGNATED FOR PUBLICATION

Nos. 120,965
120,966

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANGEL SERRANO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed March 27, 2020. Affirmed.

*Heather Cessna* and *Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Ethan Zipf-Sigler*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., BUSER, J., and BURGESS, S.J.

PER CURIAM: In these consolidated cases, Angel Serrano appeals the district court's revocation of his probation. Although he concedes the district court had the statutory authority to revoke his probation and order him to serve his remaining prison sentences, he contends the district court abused its discretion in so doing.

1

*Factual and Procedural Background*

In April 2015, the State charged Serrano with one count of fleeing and eluding a police officer under K.S.A. 2014 Supp. 8-1568(a), (b), a severity level 9 person felony. Serrano pleaded guilty. One week later, the State charged Serrano with one count of robbery in violation of K.S.A. 2014 Supp. 21-5420(a), a severity level 5 person felony, for allegedly taking a vehicle from a person by force. Serrano then pleaded no contest to that crime.

In May 2016, the district court held a sentencing hearing for both of Serrano's cases. For the fleeing and eluding conviction, the district court sentenced Serrano to 13 months in prison but granted a dispositional departure from presumptive prison to probation for 12 months.

For the robbery conviction, the district court sentenced Serrano to 120 months in prison but granted a dispositional departure to 36 months of probation.

In August 2016, because of numerous alleged violations, the State moved to revoke Serrano's probation in both cases. The district court held a hearing on these allegations. At the same hearing, the district court sentenced Serrano in a third criminal case—trafficking in contraband in the correctional facility. At the hearing, Serrano stipulated that he had violated his probation by:

(1) failing to comply with substance abuse treatment recommendations;
(2) failing to maintain contact with his intensive supervision officer (ISO);
(3) failing to submit to urinalysis (UA) required by court order and submitting UAs that tested positive for amphetamines; and
(4) failing to pay his court costs.

2

The State also asked the district court to specifically find that Serrano presented a continuing danger to the community because of his drug use. It argued that Serrano was high on methamphetamine when he committed his crimes and had not shown a willingness to achieve sobriety while on probation.

Serrano agreed that his problems related to his drug use. Serrano acknowledged his failed UA tests but argued that, at the time of the revocation hearing, he had been clean probably for the longest period since he was a teenager. Serrano also stated that while in custody, he had attended Bible study and Narcotics Anonymous/Alcoholics Anonymous. Serrano argued that he could be a successful candidate on probation if the district court gave him another opportunity because he had been sober for so long. And he argued that his failure to maintain contact with his ISO was because he had been in the hospital for so long after he was stabbed. In response, the State countered that this stabbing had occurred when Serrano scuffled with a prostitute while he was high.

The district court judge ultimately agreed with the State and revoked Serrano's probation, finding that he was a danger to himself and to the community based on his continued drug use and failure to attend treatment when given the chance to do so while on probation. The district court also noted that the conviction for trafficking in contraband in the correctional facility also could have supported revoking probation here. Ultimately, the district court judge ordered Serrano to serve his original underlying sentence of 13 months for his fleeing and eluding charge but modified his underlying sentence in the robbery charge to 90 months. The imposed sentences were to run consecutively.

Serrano timely filed notices of appeal in both cases. This court consolidated the cases for appeal.

*Did the District Court Abuse its Discretion When it Revoked Serrano's Probation?*

On appeal, Serrano does not challenge the district court's finding that he violated the conditions of his probation. His only argument is that the court abused its discretion by revoking his probation and ordering him to serve his partially modified prison sentences.

We review the decision to revoke probation for an abuse of discretion. *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 (2008). A judicial action constitutes an abuse of discretion if it is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). The party asserting the district court abused its discretion bears the burden of showing that abuse. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018). Serrano does not argue that the district court's decision was based on an error of law or an error of fact; he only argues that the decision to revoke his probation was unreasonable.

The available punishments for probation violations are outlined in K.S.A. 2018 Supp. 22-3716. That statute often requires the district court to impose an intermediate sanction. Under K.S.A. 2018 Supp. 22-3716(c)(9)(B), however, the district court may revoke probation without imposing an intermediate sanction if the original probation term resulted from a dispositional departure. Serrano admits that the district court had the authority under this subsection to revoke his probation without imposing an intermediate sanction.

Serrano argues solely that the district court abused its discretion by refusing to reinstate his probation. First, he contends that by amending K.S.A. 2018 Supp. 22-3716(c)(1), the Legislature intended to "reduce recidivism in Kansas through shorter, swifter punishments that have a greater impact on changing a probationer's behavior." Second, Serrano maintains that prison should be reserved for more harmful offenders that

leave courts with no less costly choice. Third, Serrano argues that the district court failed to acknowledge that he was "better prepared to fight" his serious drug problem after spending time in custody.

We find Serrano's arguments unconvincing. He was able to get sober only after being returned to custody and not while out on probation. When given the opportunity to get clean on probation, Serrano failed to attend treatment and continued to use drugs. Moreover, Serrano's drug use often led to violence, such as when he committed robbery by taking a vehicle by force or when he was stabbed as the result of an altercation. Serrano's argument that the court should reserve prison for violent offenders is unpersuasive because Serrano used force when he committed robbery. And the crime of fleeing and eluding has high potential for violence and harm to the community.

Under the circumstances, a reasonable person could agree with the district court's decision to revoke Serrano's probation and impose the modified sentences. As a result, the court did not abuse its discretion in revoking his probation and ordering him to serve his partially modified prison sentences.

Affirmed.